## SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

## Kenneth RUBINSTEIN, Aaron Rubinstein, Defendants.

### No. 82 Civ. 4043 (MEL).

United States District Court,
S. D. New York.

Oct. 22, 1982.

---

Donald N. Malawsky, Regional Administrator, S.E.C., New York City, for plaintiff; Ralph A. Siciliano, Ethan M. Seer, Mark V. Jackowski, Carolyn R. Abramson, New York City, of counsel.

Gordon, Hurwitz, Butowsky, Baker, Weitzen & Shalov, New York City, for defendant Kenneth Rubinstein; Theodore Altman, Clarence Otis, Jr., New York City, of counsel.

Morrison, Paul & Beiley, P.C., New York City, for defendant Aaron Rubinstein.

LASKER, District Judge.

Kenneth Rubinstein moves pursuant to Fed.R.Civ.P. 26(c) for an order directing all discovery in the instant action to be sealed. Rubinstein contends that his defense of the instant action is impeded by the possibility that a criminal action will be filed against him in which statements that he may make in defense of this action could be used against him. In response, the Securities and Exchange Commission ("SEC") argues that an order sealing discovery would contravene Congress' intent, as manifested in Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u(d), that the SEC may share information in its possession concerning violations of the securities acts with the Attorney General.

Section 21(d) provides:

"The Commission may transmit such evidence as may be available concerning such acts or practices as may constitute a violation of any provision of this title . . . to the Attorney General, who may, in his discretion, institute the necessary criminal proceedings under this title."

The plain words of the statute authorize the SEC to transmit evidence concerning Rubinstein to the Attorney General. Nevertheless, Rubinstein's argument that the SEC's exercise of its authority would constitute a substantial burden on him is not without appeal. However, the Second Circuit has recently commended the SEC's use of its § 21(d) authority in a case which was in a similar procedural posture to the case at bar:

"The procedure permitting preliminary communications with the United States Attorney has significant advantages. Allowing early participation in the case by the United States Attorney minimizes statute of limitations problems. The more time a United States Attorney has, the easier it is for him to become familiar with the complex facts of a securities fraud case, to prepare the case, and to present it to a grand jury before expiration of the applicable statute of limitations. Earlier initiation of criminal proceedings moreover is consistent with a defendant's right to a speedy trial. We decline, as the district court likewise declined, to interfere with this commendable example of inter-agency cooperation.

\*      \*      \*      \*      \*      \*

"Congress only recently has expressed its expectation that this cooperation will continue.

'Traditionally, there has been a close working relationship between the Justice Department and the SEC. The Committee [on Interstate and Foreign Commerce] fully expects that this cooperation between the two agencies will continue. . . .' H.R.Rep. No. 95–650, 95th Cong., 1st Sess. 10 (Sept. 28, 1977)."

*United States v. Fields,* 592 F.2d 638, 646 & n. 19 (2d Cir. 1978), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2838, 61 L.Ed.2d 284 (1979). Rubinstein does not indicate that there are any special circumstances in his case which would indicate that "this commendable example of inter-agency cooperation," *id.,* would be less commendable if it were applied to him.

In further support of the SEC's position is the *en banc* decision of the District of Columbia Circuit in *SEC v. Dresser Indus-*

*tries, Inc.,* 628 F.2d 1368 (C.A.D.C.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980), in which the *en banc* court reversed the panel's granting of precisely the relief requested by Rubinstein. The *Dresser* court concluded that:

"In view of Congress' concern that the agencies share information 'at the earliest stage of any investigation in order to insure that the evidence needed for a criminal prosecution does not become stale,' S. Rep. No. 114, 95th Cong., 1st Sess. 12, and that the agencies avoid 'a costly duplication of effort,' H.R.Rep. No. 640, 95th Cong., 1st Sess. 9 (1977), it would be unreasonable to prevent a sharing of information at this point in the investigation."

*Id.* at 1386.

Were we to write on a clean slate, we might rule that Rubinstein's position is justified. However, in view of the clear statutory authorization and the prior judicial interpretation of that authorization, the motion must be denied.

The motion to seal discovery is denied.

It is so ordered.